**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerilyn Burke, | No. CV-24-00161-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Jerilyn Burke brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security ("Commissioner"). Doc. 1. This matter was referred to United States Magistrate Judge Michael A. Ambri for a Report and Recommendation ("R&R"). Doc. 12. On October 10, 2024, Judge Ambri issued his R&R finding the Administrative Law Judge did not err and recommending this Court affirm the Commissioner's decision. Doc. 23 at 10. Plaintiff objects to the R&R. Doc. 24. The Court will overrule Plaintiff's objections, adopt the R&R in full, and affirm the Commissioner's decision.[1]

///

///

///

---

[1] The Court will also strike Plaintiff's Reply to the Defendant's Response to Plaintiff's Objections to the Report and Recommendation (Doc. 26). The Local Rules of Practice for the District of Arizona do not permit filing a reply in support of an objection to an R&R without leave of the Court. *See* Doc. 23 at 10. Plaintiff did not seek, and the Court did not grant, leave to file a reply. *See generally* Docket.

## I. RELEVANT BACKGROUND

### A. Procedural History

On August 10, 2021, Plaintiff protectively filed a Title II application for disability insurance benefits and a Title XVI application for supplemental security income.[2] Plaintiff's claims were denied initially on February 2, 2022, and upon reconsideration on December 14, 2022. AR at 19. Plaintiff filed a written request for hearing, and Administrative Law Judge ("ALJ") Peter Baum held a telephonic hearing on August 16, 2023. AR at 18, 19. The ALJ denied Plaintiff's applications on September 30, 2023. *See* AR at 16–38. Plaintiff's request for review with the Appeals Council was denied on March 1, 2024, making the ALJ's decision the Commissioner's final decision. *See* AR at 4–7.

### B. Claim Evaluation

To be found disabled and qualify for disability insurance benefits or supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382a(3)(A). An individual is considered disabled only if her "physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The same five-step sequential evaluation governs eligibility for disability insurance benefits and supplemental security income. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). First, the claimant must show she is not engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in substantial gainful activity, she will not be considered disabled, and her claim will be denied. *Id.* If she is not, the claimant must show at step two that she has

---

[2] Administrative Record alleging disability beginning on November 6, 2020 ("AR") at 19.

a severe physical or mental impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If she is able to show severe impairment, step three determines whether the claimant's impairment(s) meet one of several listed impairments that automatically render an individual disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments are severe but do not meet one of the listed impairments in step three, the fourth step determines if her residual functional capacity ("RFC") precludes her from doing her past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant has the RFC to do her past relevant work, she is determined not to be disabled. *Id.* If the claimant cannot do her past relevant work, the fifth and final step requires the Commissioner to determine if the claimant can make the adjustment to other work. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make such an adjustment, she is not disabled. *Id.*; *see also Bowen*, 482 U.S. at 146 n. 5 (describing shifting burden at step five).

### C. The ALJ's Findings

Plaintiff's original application alleged disability due to a brain aneurysm, COPD, breathing problems, arthritis, a cyst on her spine, chronic pain, and lung problems. AR at 296–97. Plaintiff's initial disability determination also discovered she suffers from depression, anxiety, IBS, migraines, bilateral CTS, and insomnia. AR at 82.

The ALJ completed the required five step analysis for these impairments and determined Plaintiff was not disabled. *See* AR at 16. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability, November 6, 2020. AR at 23. At step two, the ALJ found Plaintiff has both severe and nonsevere impairments. *See* AR at 22–25. Plaintiff's severe impairments include degenerative disc disease and chronic obstructive pulmonary disease. AR at 22. Plaintiff's nonsevere physical impairments include gastroesophageal reflux disease, irritable bowel syndrome, dyslipidemia, visual impairment, aneurysms, and migraines or headaches. AR at 22–24. The ALJ also found Plaintiff has non-severe mental impairments including adjustment disorder and anxiety, causing her mild limitation in the functional areas of

understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. AR at 24–25. The ALJ explicitly differentiated his findings at step two from the RFC determination at steps four and five, which require "a more detailed assessment" of mental limitations. AR at 25; *see also* SSR 96-8P, 1996 WL 374184 (July 2, 1996).

At step three, the ALJ found Plaintiff's impairments and combination of impairments do not automatically render her disabled. AR at 25–26. At step four, the ALJ found Plaintiff had the RFC "to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b)" subject to certain limitations. AR at 26. In the same step, the ALJ found Plaintiff's RFC rendered her capable of performing her past relevant work as a medical assistant and a teacher's aide. AR at 31. Accordingly, the ALJ deemed Plaintiff not to be disabled and rejected her claims. *See* AR at 33.

## II.   STANDARDS OF REVIEW

### A. Review of the Report and Recommendation

In reviewing a magistrate judge's R&R, "[a] judge of the court shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). A court is obligated to review only the specific portions of the report, proposed findings, or recommendations objected to. *See* 28 U.S.C. § 636(b)(1). If, following review, "the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Morris v. Shin*, No. CV 20-322, 2023 WL 6248830, at *7 n. 5 (D. Ariz. Sept. 26, 2023) (quoting *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)).

### B. Review of the ALJ's Decision

An ALJ's decision may be reversed only when it is unsupported by substantial evidence or constitutes harmful legal error. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation and citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (alteration in original) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## III.   ANALYSIS

Plaintiff objects to the R&R's finding that the ALJ's decision was satisfactory because "the ALJ's statement that he 'considered' the nonsevere conditions falls short of sufficient analysis[,] . . . . is perfunctory and conclusory[,] and does not provide any meaningful analysis that allows the Court to trace the ALJ's path of reasoning." Doc. 24 at 15. According to Plaintiff, the ALJ did not directly state Plaintiff's mild mental limitations did not affect the RFC determination, and the ALJ "did not provide any explanation as to why the RFC did not contain any related functional limitations." Doc. 24 at 17.[3]

In determining an applicant's RFC, an ALJ must "consider all of [the applicant's] medically determinable impairments of which [he] is aware, including [the] medically determinable impairments that are not 'severe.'" 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). A boilerplate statement that the ALJ has considered both severe and nonsevere limitations in his RFC determination is generally considered to be insufficient

---

[3] Plaintiff spends much of her Objection repeating arguments from her original Brief. *See* Doc. 24 at 1–15. Judge Ambri's R&R already addresses these arguments and discusses in depth the ALJ's step two analysis of Plaintiff's mild mental limitations. *See generally* Doc. 23. Plaintiff does not raise any argument against the ALJ's analysis outside of his RFC determination. *See generally* Doc. 24. Accordingly, the Court will discuss only whether the ALJ's opinion sufficiently addressed Plaintiff's mild mental limitations in its step four RFC determination.

to meet this requirement. *See Curtis v. Comm'r of Soc. Sec.*, 584 F. App'x 390, 391 (9th Cir. 2014); *Uranna G. v. Saul*, No. 3:18-cv-02117, 2019 WL 5342537, at *9 (S.D. Cal. Oct. 21, 2019). An ALJ is not required to include nonsevere limitations in the RFC if the record shows those limitations do not significantly impact a claimant's ability to do work. *See Koshak v. Berryhill*, No. CV 17-6717, 2018 WL 4519936, at *8 (C.D. Cal. Sept. 19, 2018); *Banks v. Berryhill*, No. CV 17-05535, 2018 WL 1631277, at *4 (C.D. Cal. Apr. 2, 2018).

In his opinion, the ALJ stated directly: "I note all of the claimant's impairments, including those found to be nonsevere, were considered when crafting the residual functional capacity above as required by SSR 96-8p." AR at 30. If this were the only mention of Plaintiff's mental health impairments in step four, Plaintiff may have a colorable argument that the ALJ's opinion does not allow a reviewing judge to determine how these nonsevere impairments factored into his RFC determination. But this is not the only analysis of Plaintiff's minor mental health limitations. *See* Doc. 23 at 8–9. Though Plaintiff's original disability application did not allege mental disability, *see* AR at 296, the ALJ found in step two that Plaintiff had non-severe mental impairments including adjustment disorder and anxiety. AR at 24–25. The ALJ found Plaintiff to have "no more than a mild limitation" in the functional areas of understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id*.

In step four, the ALJ discussed Plaintiff's testimony concerning her difficulty concentrating, tendency to lose interest, and need to set reminders to take her medication. AR at 27. The ALJ also discussed Plaintiff's friend's testimony that Plaintiff had no difficulty getting along with others, could pay attention for about 15 minutes, and did not handle stress well but had no issues with changes to routine. AR at 27. After "careful consideration of the evidence," including the above testimony, the ALJ found that though Plaintiff may have some symptoms, her "statements concerning the intensity, persistence and limiting effects of [those] symptoms are not entirely consistent with the medical

evidence and other evidence in the record." AR at 27. In explaining his conclusion, the ALJ explicitly discussed the state agency psychological consultants' findings that Plaintiff's mental health impairments are nonsevere. AR at 31. The consultants found Plaintiff had "no limitations understanding, remembering, or applying information" and only "mild limitations interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself." *Id.* Plaintiff's limitations were consistent with "limited treatment with some use of Xanax or CBD oil,"[4] and examinations showed Plaintiff had an appropriate mood and affect, demonstrated no abnormalities with attention, and her comprehension was intact. AR at 31.

Plaintiff's assertions that the ALJ did not consider her mental impairments in step four are not accurate. That the ALJ did not explicitly state these impairments had no effect on his RFC determination does not discount his conclusions that Plaintiff's mental limitations could be managed with her existing treatment regimen, and that she exhibited a normal mood, affect, and comprehension and attention abilities. *See Woods v. Kijakazi*, 32 F. 4th 785, 793 (9th Cir. 2022) (rejecting a claimant's argument that the ALJ failed to consider all limitations supported by the record because the ALJ acknowledged claimant's testimony but discounted it as not consistent with the medical record and explained his reasoning for finding a medical opinion unpersuasive); *Thompson v. Saul*, No. 1:18-CV-00137, 2019 WL 3302471, at *21–22 (E.D. Cal. July 23, 2019) (finding no error where the ALJ considered treatment records and opinion evidence from the claimant's treating physician but gave the testimony only partial weight); *George A. v. Berryhill*, No. 5:18-CV-00405, 2019 WL 1875523, at *10–13 (C.D. Cal. Apr. 24, 2019) (finding no error where the ALJ considered both a psychiatric examiner's report and mental status examination finding the claimant exhibited normal behaviors and evidence in the record regarding the claimant's daily activities and social abilities). The Court can follow the ALJ's reasoning, and there is substantial evidence to support the Commissioner's determination.

///

---

[4] Plaintiff had already been utilizing these treatments to address her anxiety. *See* AR at 25, 31.

- 7 -

### III. ORDER

Accordingly,

**IT IS ORDERED overruling** Plaintiff's Objections to the Report and Recommendations (Doc. 24).

**IT IS FURTHER ORDERED adopting in full** the Report and Recommendation (Doc. 23) and **affirming** the decision of the Commissioner.

**IT IS FURTHER ORDERED directing** the Clerk of Court to enter judgment accordingly and close this case.

Dated this 25th day of March, 2025.

John C. Hinderaker
United States District Judge